IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARCUS ANTHONY GAGOT, KY-0046, )
    Petitioner, )
     )
    v. ) 2:17-cv-799
     )
MICHAEL CLARK, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

    Marcus Anthony Gagot an inmate at the State Correctional Institution –Albion has presented a petition for a writ of habeas corpus (ECF No.3) which he has been granted leave to prosecute in forma pauperis.[1]

    Gagot is serving a fifteen to thirty year sentence imposed on February 14, 2013 following his conviction by a jury of aggravated indecent assault, indecent assault, rape, statutory sexual assault, sexual assault and corruption of minors at No. CP-04-CR-1892-2011 in the Court of Common Pleas of Beaver County, Pennsylvania.[2] An appeal was taken to the Superior Court in which the sole issue presented was "whether the guilty verdict as to all counts, rendered by the jury would 'shock the conscience' as being against the weight of the evidence."[3] On April 25, 2014, the judgment of sentence was affirmed.[4] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed and leave to appeal was denied on August 26, 2014.

    A timely post-conviction petition was filed and dismissed without a hearing on June 15, 2016.[5] An appeal was filed in which the questions presented were:

    I.    Did counsel render prejudicially ineffective assistance for failing to notice, make inquiries and obtain a copy of the arrest warrant being that Appellant was not provided a copy…

    II.    Did counsel render prejudicially ineffective assistance for failing to effectively cross-examine Ms. Valentine on her

---

[1] Unless otherwise marked, all record references are to exhibits filed in conjunction with the amended answer (ECF No.22).
[2] See: Petition at ¶¶ 1-6.
[3] See: Vol II of the answer at Tab 1 p.4.
[4] Id. at Tab.3.
[5] See: Vol. I of the answer at Tab.3.

> conflicting statements contained in Kathy Kloonan's report in comparison to her statements to police and on the stand…

III. Did counsel render prejudicially ineffective assistance for accepting a $3,000 retainer and failing to comply with Pa.R.Crim.P. 120(a)(1), and thereby placing the appellant at a disadvantage, unfairly at a critical stage pursuant to United States v. Cronic, 466 U.S. 648, 659 …

IV. Did counsel render prejudicially ineffective assistance for failing to move the court for an in-camera inspection of otherwise confidential information protected by law or statute with regard to only the verbatim statements made pertaining to the allegations pursuant to Commonwealth v. Ritchie, 509 Pa. 357 (1985), if not discoverable or within the possession of the Commonwealth.

V. Did the trial court err in its denial of appellant's motion for judgment of acquittal having failed to prove all the elements of "forcible compulsion" as required by law…

VI. Did Assistant District Attorney commit prosecutorial misconduct by failing to disclose complete discovery concerning the "relative fluorescence unit' values of both DNA samples obtained and tested along with the report of Jennifer Wright of CYS who interviewed Ms. Valentine…

VII. Did counsel render prejudicially ineffective assistance for failing to familiarize himself with the process of DNA testing sufficiently to move the court for the need of an expert, and to require the prosecution to produce the "relative fluorescence unit" values report to better and effectively cross-examine Dr. Hai Sheng Li as his cross-examination of her was minimal and inadequate.[6]

On April 7, 2017 the denial of post-conviction relief was affirmed[7] and allowance of appeal was denied on May 3, 2017.

In the instant petition filed on June 19, 2017, petitioner contends he is entitled to relief on five claims of ineffective assistance of counsel and one claim each of prosecutorial misconduct/Brady violation and abuse of discretion by the

---

[6] See: Vol. II at Tab 5, pp.vi-vi(a).
[7] Id. at Tab.6.

court. Specifically, he contends that he is entitled to relief on the following grounds:

    I.    Ineffective counsel in that:

    1. Counsel failed to enter his appearance pursuant to Pa.R.Crim. P. 120 (A)(1) after having been retained forcing [him] to go through a formal arraignment unrepresented at this critical stage. [This he claims was critical in that the date of arraignment created the timeframe in which to file various motions].

    2. Counsel failed to petition the court for an in-camera inspection of verbatim statements made by the alleged victim to CYS employee Jennifer Wright and Patty Husselton of the Women's Center [resulting in denial] of the ability to effectively confront and cross-examine the witness[es] against me in violation of procedural and substantive rights afforded me. Especially since the alleged victim's statements are conflicting in nature.

    3. Counsel failed to familiarize himself with the testifying process of DNA nor did he move the Court for the need of an expert, nor did he recover the report indicating the Relative Fluorescence Unit values of both samples tested in order to effectively confront the expert witnesses against me as to the viability of the sample found on the article of clothing that was recovered from the hamper.

    4. Counsel failed to address, at any time, the fact that I was never given a copy of the arrest warrant and that I was arrested at the home of a third party without a search warrant being issued nor was I given a copy of search warrant indicating that the arrest there was legal.

    5. Counsel failed to call Kathy Kloonan as a witness for identification purposes, pursuant to 42 Pa.C.S.A. § 6108(b) in order to introduce her report in order to effectively confront and cross-examine the alleged victim concerning her inconsistent statements made to police, those investigating the case as well as her sworn testimony on the stand.

    II.    Assistant District Attorney Jennifer M. Popovich violated the due process clause … by failing to include in petitioner's discovery the Relative Fluorescence Unit Values report of both DNA samples tested as well as any other relevant information pertaining to such tests…

> III. Petitioner avers that the denial of his motion for judgment of acquittal was improperly denied as the elements of the lead charges in the petitioner's case was not proven beyond a reasonable doubt. There was no evidence presented to find the petitioner guilty with respect to the element of "forcible compulsion" and it would be improper to allow a finding of guilt if the Commonwealth did not meet its burden with regard to this charge not to mention a miscarriage of justice.

The background to this prosecution is set forth in the April 25, 2014 Memorandum of the Superior Court citing the trial court's opinion:

> On April 7, 2010, detective Jeff Lansberry of the Beaver Falls Police Department received a call from the Heritage Valley Hospital in Beaver regarding a young female that was the victim of a sexual assault. Detective Lansberry reported to the hospital and spoke with the 13-year-old victim and her mother. The victim told Detective Lansberry that, on the night of April 5, 2010, she was sexually assaulted by her mother's boyfriend, who she identified as [Gagot d/o/b 7/8/73]. She stated that, at approximately 11:30 p.m., while her mother was working a night shift, [Gagot] entered her bedroom and asked if she wanted a back massage. [Gagot] then put his hands under her shirt and proceed[ed] to give the victim a back massage. According to the victim, she eventually fell asleep and awoke some time later in her mother's bedroom. Upon waking, she realized that [Gagot] was on top of her with his pants off and that her shorts and underwear had been removed. She told Detective Lansberry that [Gogot] was moving back and forth on top of her and that she could feel [Gagot's] penis inside of her. The victim indicated that she asked [Gagot] to stop but he did not respond. She further stated that, following the assault, [Gagot] told her not to tell anyone about the incident.
>
> On February 3, 2011, Detective Lansberry filed a Criminal Complaint in connection with the incident. [Gagot] was charged with [the above-mentioned crimes]. A preliminary hearing was conducted on October 4, 2011, and, following the preliminary hearing, all of the charges against [Gagot] were held for court. Trial in this matter commenced on November 1, 2012, and on November 5, 2012, the jury returned a verdict of guilty on all of the charges against [Gagot]. On February 14, 2013, [Gagot] was sentenced to undergo imprisonment in a state correctional facility for not less than 15 years nor more than 30 years… a timely Notice of Appeal [was filed] on May 28, 2013 (footnotes omitted).[8]

---

[8] Id. at Tab 3 pp.1-2.

4

Gagot's first five contentions are that counsel was ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Pennsylvania practice is to raise claims of ineffective counsel in post-conviction proceedings. Com. v. Bozic, 997 A.2d 1211 (Pa.Super), leave to appeal denied 608 Pa. 659 (2010), cert. denied 131 S.Ct. 2939 (2011). The issue was raised in the post-conviction court as well as the Superior Court. The latter court affirmed the denial of relief on this claim "on the basis of the PCRA court's opinion."[9] In his opinion for the post-conviction court, Judge Tesla wrote:

> First, Defendant complains that the various attorneys who have counseled him at different times were all ineffective for different reasons. Defendant claims first that the counsel he retained at his preliminary hearing was ineffective for not representing him after that proceeding… This claim has no arguable merit. The fee agreement between Defendant and his preliminary hearing counsel clearly shows that the representation would be up to a non-jury trial or guilty plea disposition only, and that the $3,000 retainer was non-refundable. Defendant elected to proceed to a jury trial and presents no evidence

---

[9] Id. at Tab 6 p.6.

5

to show that the required subsequent payments were made to his preliminary hearing counsel, or that Defendant complied with the requirements of that fee-agreement. Thus his preliminary hearing counsel had no obligation to continue to represent Defendant.

Second, Defendant complaints … that there is no record of an arrest warrant being served. Defendant is mistaken The Magisterial District Docket Transcript … shows that an arrest warrant was issued and printed [on February 3, 2011]. The Docket goes on to list the arrest warrant as being returned served on May 4, 2011 when the preliminary hearing was first scheduled. In any event, a warrant for an arrest is not required for persons who have committed a felony where there is probable cause … The record in this case unambiguously demonstrates that probable cause existed for Defendant's arrest for the felony crime of rape, that an arrest warrant was issued, and that it was returned served. This claim is without arguable merit.

Third, Defendant complaints that his prior counsel did not interview Patty Husselton of the Women's Center and did not obtain any reports from her. Under 42 Pa.C.S.A. §5945.1(b). however, such information is absolutely privileged and cannot be revealed absent consent of the victim… Further, even if this information [was] not absolutely privileged, Defendant presents no evidence to show that Patty Husselton would have been willing to be interviewed by Defendant's counsel or testify on his behalf, or that her information or testimony would have been in any way beneficial to Defendant. Thus, Defendant's claim has no arguable merit.

Fourth, Defendant complains that his prior counsel did not interview Jennifer Wright of CYS and did not obtain her report. The CYS report, however, was actually summarized in the Incident Report which was provided to Defendant. Additionally, Defendant was not necessarily entitled to receive the information contained in that report. 23 Pa.C.S.A. § 6339 (CYS information and reports regarding child abuse are confidential) … This claim thus has no arguable merit.

Fifth, Defendant claims that his trial counsel did not adequately familiarize himself with the relevant scientific testing in this case and that his trial counsel should have retained an independent serologist … A review of the transcript, particularly trial counsel's cross-examination of the serologist, shows that Defendant's counsel was very well-informed in this area of scientific testing, and that an independent serologist was unnecessary ... He then elicited testimony from the serologist that showed that sperm cells could be transferred by cross-contamination as when clothes are placed together in a laundry basket. Defendant's trial counsel then argued this evidence in

> closing. Defendant fails to prove that his trial counsel was not familiar with the evidence, or that his counsel was ineffective for not retaining an independent serologist, and therefore his claim has no arguable merit.
>
> Finally, Defendant claims that his counsel was ineffective for not interviewing Kathy Kloonan of the Staunton Clinic about her interview of the minor victim. This claim has no merit because there is no reason to believe that an interview with her would have resulted in a different outcome, particularly in light of the fact that her report, which Defendant did receive, was considerably unfavorable to Defendant. As Defendant's PCRA counsel states on page 11 of her no-merit letter, "Calling Ms. Kloonan as a witness just to verify the validity of her report is meritless, and the content of her report was successfully brought to light at trial, when the victim was cross-examined on her statements and her detailed account of the incident was recounted in the report."
>
> To summarize, Defendant fails to meet his burden of proof that any of his claims have arguable merit. Because his claims have no arguable merit, his counsel was not ineffective. (footnotes and citations omitted).[10]

These are essentially the same issue which Gagot seeks to raise here in support of his claim of ineffective assistance of counsel.

It is provided in 28 U.S.C. § 2254(e)(1), that the factual findings of the state courts are presumed correct. Garrus v. Secretary, 694 F.3d 394 (3d Cir. 2012). This presumption continues until clearly rebutted. Adkins v. Warden, 710 F.3d 1241, 1249 (11th Cir), cert. denied 134 S. Ct 268 (2013) ("there is simply no indication in any of the state courts' opinions which cause us to conclude that the Alabama courts adjudicated Mr. Adkins's federal claim on anything but the merits.").

In the instant case, there is nothing to suggest that the state court determination was based on anything other than the merits or lack thereof and petitioner has not made any showing here to the contrary. In addition, counsel cannot be deemed to have been ineffective for failing to raise meritless claims. Real v. Shannon, 600 F.3d 303, 310 (3d Cir. 2010). Thus, the claim of ineffective assistance of counsel is meritless.

---

[10] See: Vol. I of the answer at Tab 7 pp. 7-11.

Petitioner also contends that the prosecutor violated his due process rights by failing to provide the DNA reports and other similar tests conducted. This issue was raised for the first time as the sixth issue in Gagot's post-conviction appeal. The Pennsylvania post-conviction act is limited to challenges limited to violation of the United States or Pennsylvania Constitutions which undermined the reliability of the prior adjudication; ineffectiveness of counsel; a plea unlawfully induced; obstruction by governmental officials; unavailability of exculpatory evidence at the time of trial; the imposition of an unlawful sentence and lack of jurisdiction by the tribunal. 42 Pa.C.S.A. § 9543(a)(2). It is not a substitute for an appeal of issues which should be raised on direct appeal. 42 Pa.C.S.A. § 9543(a)(3); Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996).

Where, as here, a petitioner failed to raise an issue in the state courts in the proper manner, and can no longer do so, a procedural default has occurred. In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because the petitioner has failed to make a showing of cause for the default or that a fundamental miscarriage of justice has occurred, and no further consideration of this issue is warranted here.

In a similar manner the petitioner's claim that the trial court erred in not granting his motion for a judgment of acquittal has not been properly raised in the state courts, is properly rejected as improper under the post-conviction relief act and is procedurally defaulted. For this reason, it is not subject to further consideration here.

Because the petitioner has failed to demonstrate that his conviction was secured in any manner contrary to the laws of the United States as determined by the Supreme Court nor involved an unreasonable application of those decisions, he is not entitled to relief here. Accordingly, the petition of Marcus Anthony Gagot for a writ of habeas corpus (ECF No.3) will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: July 25, 2018                                      s/ Robert C. Mitchell
                                                          United States Magistrate Judge

ORDER

AND NOW, this 25th day of July 2018, for the reasons set forth in the foregoing Memorandum, the petition of Marcus Anthony Gagot for a writ of habeas corpus (ECF No. 3) is DISMISSED, and because reasonable jurists could not conclude that a basis to appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge